```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

| | |
|---|---|
| J. THOMAS ARENDALL, JR., *<br>*et al.*, * <br>    * <br>    Plaintiffs, * <br>    * <br>vs. * CIVIL ACTION NO. 07-00452-BH-B <br>    * <br>DENNIS JOSLIN JAMAICA, INC., * <br>*et al.*, * <br>    * <br>    Defendants. * | |

### ORDER

This action is before the Court on Plaintiffs and Defendants Beal Bank, S.S.B. and Jamaican Redevelopment Foundation's Motion to Stay Rule 26(f) Conference (Doc. 29) pending resolution of Plaintiffs' Motion to Remand (Doc. 25). Defendants Dennis Joslin Jamaica, Inc., Dennis Joslin Company, LLC, Dennis Joslin Jamaica Ltd., Rollen Gin Company, Inc., Dennis Joslin, Jane Joslin, Jimmy Welch, Linda Welch, Willie Franklin Burnett and Carolyn Burnett (hereinafter "the Joslin Defendants") have filed a response in opposition to the Motion to Stay (Doc. 30). The Joslin Defendants contend that regardless of whether this action lands in state court or federal court, a scheduling order will be necessary to ensure that the case proceeds in an orderly fashion. The Joslin Defendants further assert that limited discovery regarding the fraudulent joinder of Steven Alford, STA Holding, Inc., and the Tennessee Defendants is necessary in order to properly respond to

Plaintiffs' Motion to Remand.

Courts have both the authority and responsibility for ensuring that cases proceed in a timely manner.  Chrysler Int'l Corp. v. Chemaly, 280 F.3d 1358, 1360 (11th Cir. 2002); Perez v. Miami-Dade County, 297 F.3d 1255, 1263 (11th Cir. 2002)("Indeed, we have repeatedly emphasized the responsibility of trial courts to manage pretrial discovery properly in order to avoid 'a massive waste of judicial and private resources' and a loss of society's 'confidence in the courts' ability to administer justice.'"), *quoting* Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998). Upon consideration of the parties' arguments, and a review of the record, the undersigned finds that it is in the best interest of the parties to delay the Rule 26(f) planning meeting of the parties until after a ruling on Plaintiffs' Motion to Remand.  This way, the parties will be spared the burden and expense of having to start the planning and discovery process anew in state court if the Motion to Remand is granted.

The undersigned is mindful of the Joslin Defendants' concerns regarding the need for discovery on the fraudulent joinder and jurisdiction issues. While these Defendants have asserted, in very general terms, that limited discovery is needed in order to properly respond to the Motion to Compel, they have not provided any information in support of their assertions.  Accordingly, any

party seeking to conduct limited discovery related to the pending Motion to Remand, shall seek leave of Court, and shall set forth in detail the specific discovery that is being sought, and explain why said discovery is necessary.

DONE this **16th** day of **August, 2007.**

                                           **/s/ SONJA F. BIVINS**
                                        **UNITED STATES MAGISTRATE JUDGE**