UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| J. THOMAS ARENDALL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 07-0452-BH-B |
| DENNIS JOSLIN JAMAICA, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This action is before the Court on the following motions: (1) a motion filed by Jamaican Redevelopment Foundation, Inc. ("JRF") and Beal Bank, S.S.B. ("Beal"), defendants herein, to stay these proceedings as to two of the plaintiffs, Steven Trent Alford ("Alford") and STA Holdings, LLC ("STA"); and (2) plaintiffs' motion to remand (Docs. 25-26). Upon consideration of these motions, plaintiffs' opposition (Doc. 35) to the JRF and Beal motion to stay, the response (Doc. 34) filed by "the Joslin defendants"[1] to plaintiffs' motion to remand, and all other pertinent portions of the record, the Court concludes, for the reasons stated by the plaintiffs, that the motion to stay is due to be denied and the motion to remand is due to be granted.

---

[1] These defendants are Dennis Joslin Jamaica, Inc. ("DJJ"), Dennis Joslin Jamaica Company, LLC ("DJC, LLC"), Dennis Joslin & Company ("DJ&C") (a nonexistent entity), Dennis Joslin Jamaica Ltd. ("DJJ, Ltd"), Roellen Gin, Inc. (a nonexistent entity) and Roellen Gin Company, Inc. (the latter two collectively "Roellen"), Dennis Joslin and Jane Joslin (these two collectively the "Joslins"), Jimmy Welch and Linda Welch (these two collectively the "Welches"), Willie Franklin Burnett ("Frank Burnett") and Carolyn Burnett (together the "Burnetts").

## Motion to Stay

The JRF and Beal motion to stay is predicated on the sole contention that the validity of a Compromise and Settlement Agreement and Release ("Release") executed by Alford and STA on or about December 15, 2005, and its effect on the claims raised by these plaintiffs in this case, must be determined by the District Court of Dallas County, Texas, in the declaratory Judgment action filed by JRF and Beal after they removed this action (asserting fraudulent joinder), answered plaintiffs' complaint, received notice of both the Joslin defendants' motion to dismiss and the plaintiffs' motion to remand. JRF and Beal rely solely on the "venue" provision of the aforementioned Release, which provides:

> Venue. This contract will be deemed to have been performed in Dallas County, Texas, and the Parties agree to submit to the exclusive jurisdiction of the federal and state courts of competent jurisdiction sitting in Dallas County, Texas.

Beal Exh. A (Doc. 33-3) at ¶ 15.

The Court must indeed first determine its jurisdiction over this case before it can authorize a stay of these proceedings for any reason, even if otherwise authorized to stay proceedings as to some but not all of the plaintiffs pending the outcome of a subsequently filed action in another court. The Court agrees that the "venue" provision relied upon by JRF and Beal is not a bar to the prosecution of this case inasmuch as it is not in fact a "forum selection clause" which might have been enforceable, but is indeed what it purports to be, namely a "venue" clause which was clearly waived by JRF and Beal when they did not file a motion to transfer venue as to Alford and STA or dismiss these defendants on venue grounds prior to filing their Answer. *Liu v. Cici Enterprises, LP*,

2007 WL 43816, 2 (Tex. App. - Houston, 2007)("in order to assert its contention that venue is proper only in Dallas County, CiCi was required to file a written motion to transfer venue to Dallas County not later than the date on which it answered the lawsuit . . [and] [b]ecause CiCi failed to do so, it has waived objection to venue.")  The Court also agrees that the "venue" provision relates to the Release itself and not to the claims herein asserted by Alford and STA.  There exists no legitimate grounds to stay this action pending resolution of the subsequently filed declaratory judgment actions in Dallas, Texas.  Consequently, it is **ORDERED** that the JRF and Beal motion to stay be and is hereby **DENIED**.

## Motion to Remand

For the reasons stated by the plaintiffs, this action is due to be remanded to the Circuit Court of Mobile County.  JRF and Beal did not properly oppose plaintiffs' motion to remand but instead merely filed a motion to stay which sought only to delay any action in this case until a Texas court could interpret the Release executed by the non-diverse plaintiffs, Alford and STA, and thereby presumably provide these defendants with grounds to avoid remand.  The Joslin defendants have filed an opposition to remand but therein failed to establish that Alford and STA were fraudulently joined or misjoined and that diversity jurisdiction therefore exist in this case.  The defendants have simply failed to show that Alford and/or STA have no reasonable possibility of establishing their claim for commissions earned and collected by one or more of the defendants after December 15, 2005.  Nor have defendants shown that the jurisdictional facts contained in the

plaintiffs' pleadings are fraudulent. *Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005).[2]

In view of the above, it is the Mobile County Circuit Court, not this Court, who is empowered to address the Joslin defendants' motion to dismiss.

It is therefore **ORDERED** that plaintiffs' motion to remand be and is hereby **GRANTED**. The Clerk is directed to take such steps as are necessary to transfer this action to the Circuit Court of Mobile County from whence it was removed.

**DONE** this 28th day of August, 2007.

s/ W. B. Hand<br>
SENIOR DISTRICT JUDGE

---

[2]The Court agrees that the Joslin defendants' request for post-removal discovery to support their fraudulent joinder/misjoinder arguments belies their contention that removal was proper in this case. *See e.g.*, *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215-16 (11th Cir. 2007)("[p]ost-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and underlie them.") This Court is not permitted to reserve its ruling on a motion to remand in order to allow the defendant to discover the potential factual basis for its claim of jurisdiction. 483 F.3d at 1217.